IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   No. 06-20456 B

ROBERT VICK,

    Defendant.

_____

ORDER DENYING DEFENDANT'S APPEAL OF THE
MAGISTRATE JUDGE'S ORDER DENYING MOTION TO CONSOLIDATE
_____

On January 17, 2007, Magistrate Judge Diane Vescovo denied the motion of the Defendant, Robert Vick, to consolidate this matter with United States v. Vick, Criminal Case No. 05-20358-Ml-V (W.D. Tenn. Sept. 29, 2005) for trial.[1]  Vick has appealed the decision to this Court.[2]  "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court. . . . A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 626(b)(1)(A).

On September 29, 2005, Vick, a police officer, was charged in Case No. 05-20358-MlV with knowingly embezzling, stealing, purloining and converting to his own use goods and property of the United States in violation of 18 U.S.C. § 641 (the "theft indictment").  In the instant case, on December 14, 2006, the Defendant was charged with knowingly attempting to corruptly obstruct, influence and impede an investigation conducted by the Federal Bureau of Investigation ("FBI") in

---

[1] The Defendant filed a similar motion in Case No. 05-20358, which was denied.

[2] The Government has not filed a response to the appeal.

violation of 18 U.S.C. § 1512(c)(2) (the "obstruction indictment").  According to the Government, Vick agreed to become an informant after admitting to one of the charges in the theft indictment and provided information to the FBI concerning an allegedly corrupt police officer.  He then disclosed to the officer the existence of the FBI investigation, which led to the obstruction indictment.

Rule 13 of the Federal Rules of Criminal Procedure provides that the "court may order that separate cases be tried together as though brought in a single indictment or information if all offenses . . . could have been joined in a single indictment or information."  Fed. R. Crim. P. 13.  An "indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "Whether joinder [is] proper under Rule 8(a) is determined by the allegations on the face of the indictment."  United States v. Chavis, 296 F.3d 450, 456 (6th Cir. 2002).

It was the determination of the magistrate judge that, based upon the allegations on the face of the indictments, the offenses charged were not appropriate for a joint trial on the grounds that they are not of the same or similar character and are not based on the same conduct or transaction.  Nor were the two acts, in the view of the magistrate judge, sufficiently connected or part of a common plan or scheme to permit consolidation.  It was further the opinion of the magistrate judge that consolidation would not in this instance serve the interests of judicial economy.  Upon review, the Court finds that the decision of the magistrate judge was neither clearly erroneous nor contrary to law.  The appeal is therefore DENIED and the order of the magistrate judge is AFFIRMED..

IT IS SO ORDERED this 17th day of May, 2007.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE